# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:20-CR-101** |
| | ) | |
| | ) | **JUDGE CRYTZER** |
| **MAURICE B. SULLIVAN** | ) | |

## AGREED ORDER OF REVOCATION

A Petition for Warrant for Offender under Supervision has been filed against the defendant, Mr. Maurice B. Sullivan, and the defendant admits that he has violated his supervised release as alleged in the Petition. An agreement has been reached between the parties, recommending that Mr. Sullivan's supervised release should be revoked and that he should receive a sentence of seven (7) months imprisonment followed by thirty (30) months of supervised release. It is **RECOMMENDED** that Mr. Sullivan be designated to a BOP facility based upon his classification in close proximity to Knoxville, Tennessee.

Mr. Sullivan agrees to waive his right to a hearing pursuant to Rule 32 of the Rules of Criminal Procedure, waive his right to allocute at a revocation hearing, and asks that the agreement of the defendant and the government Pursuant to Rule 11 of the Federal Rules of Criminal Procedure be found to be a proper sentence.

This Court has considered the Chapter Seven policy statements in the United States Sentencing Guidelines. The defendant's criminal history is V. The Petition for Warrant for Offender Under Supervision alleges Grade C violations. As such, the advisory guideline range is 7-13 months and there is a statutory maximum of two (2) years imprisonment. The Court has also considered the factors listed in 18 U.S.C. §3553(a).

Based on the foregoing, the Court finds that the recommended sentence is sufficient, but

not greater than necessary, to accomplish the purposes set forth in 18 U.S.C. §3553(a) while taking into consideration all of those factors and the Chapter Seven policy statements.

**IT IS HEREBY ORDERED**, therefore, that the defendant's supervised release is revoked. The defendant is hereby sentenced to a term of seven (7) months imprisonment followed by thirty (30) months of supervised release. It is further **RECOMMENDED** that Mr. Sullivan be designated to a BOP facility based upon his classification in close proximity to Knoxville, Tennessee.

While on supervised release, Mr. Sullivan shall comply with the following mandatory conditions of supervision adopted by this court in Local Rule 83.10:

(1) The defendant must not commit another federal, state, or local crime.
(2) The defendant must not unlawfully possess a controlled substance.
(3) The defendant must refrain from unlawful use of a controlled substance.
(4) The defendant must cooperate in the collection of DNA as directed by the probation officer.
(5) The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.

To promote respect for the law, prevent recidivism, and aid in adequate supervision, the defendant shall also comply with the following standard conditions of supervision adopted by this Court in Local Rule 83:10:

(1) The defendant must report to the probation office in the federal judicial district where the defendant is authorized to reside within 72 hours of release from imprisonment or of the time you were sentenced, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.
(2) After initially reporting to the probation office, the defendant will receive instructions from the Court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.
(3) The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the Court or the probation officer.

(4) The defendant must answer truthfully the questions asked by the defendant's probation officer.

(5) The defendant must live in a place approved by the probation officer. If the defendant plans to change where the defendant lives or anything about the defendant's living arrangements (such as, the people the defendant lives with). The defendant must notify the probation officer at least ten (10) days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within seventy-two (72) hours of becoming aware of a change or expected change.

(6) The defendant must allow the probation officer to visit the defendant at any time at the defendant's home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that the probation officer observes in plain view.

(7) The defendant must work full time (at least thirty (30) hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, the defendant must try to find some full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about the defendant's work (such as the defendant's position or job responsibilities), the defendant must notify the probation officer at least ten (10) days before the change. If notifying the probation officer at least ten (10) days is not possible due to unanticipated circumstances, the defendant must notify the probation officer within seventy-two (72) hours of becoming aware of the change or expected change.

(8) The defendant must not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

(9) If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within seventy-two (72) hours.

(10) The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchucks or tasers).

(11) The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or information without first getting permission of the Court.

(12) If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

3

(13) The defendant must follow the instructions of the probation officer related to the conditions of supervision.

The following special conditions will also apply:

(1) Defendant must participate in a program of sex offender mental health treatment at his own expense, as approved by the probation officer, until such time as he is discharged from the treatment provider and as approved by the probation officer. Defendant must comply with the policies and procedures of the treatment program. Defendant must waive all rights to confidentiality regarding sex offender mental health treatment in order to allow release of information to the United States Probation Officer, and to authorize communication between the probation officer and the treatment providers. *SO-15-06(1)*.

(2) Defendant must have no direct or third-party contact, by any means available to him, with any victim(s) of a sex offense committed by the defendant. *SO-15-06(2)*.

(3) Other than incidental contact, which is defined as contact occurring merely by chance or without intention or calculation, defendant must not associate and/or be alone with children under 18 years of age, nor shall defendant be at any residence where children under the age of 18 are residing, without the prior written approval of the probation officer. If defendant has any contact with any such minor not otherwise addressed in this condition, defendant must immediately leave the situation and notify the probation officer. This provision shall not apply to contact with defendant's own minor children unless the court expressly finds so. *SO-15-06(3)*.

(4) The defendant must not visit, frequent, or linger about any place that is primarily associated with children under the age of 18 or at which children under the age of 18 normally congregate without the prior written approval of the probation officer. *SO-15-06(4)*.

(5) The defendant must not associate with anyone, under any circumstance, that he knows to be a sex offender, someone who engages in sexual activity with children under 18 years of age, or someone who condones and/or supports the sexual abuse/exploitation of children under 18 years of age (e.g., NAMBLA, BOYCHAT, Boylover Message Board), except while participating in sex offender mental health treatment or for employment purposes as approved by the probation officer. *SO-15-06(5)*.

(6) The defendant must submit his person, residence, vehicle, or any area over which he has exercise control to a search conducted by a probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by defendant, at any time without prior notice or search warrant, in order to determine if defendant is in compliance with the conditions of supervision. Defendant must warn anyone with whom he resides that the premises may be subject to searches pursuant to this condition. *SO-15-06(11)*.

(7) The defendant shall submit his or her person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer and designee. Failure to submit to a search may be

4

grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted in a reasonable time and in a reasonable manner.

(8) The defendant shall reside at the Gateway Inn or other emergency housing facility pre-approved by the United States Probation Office, not to exceed eligible time limit based on the Second Chance Act restrictions, or until the Probation Office approves an alternative residence. The defendant shall abide by the facility's rental agreement and will be personally liable for damages to the room/suite. In addition, the defendant shall abide by any curfew restrictions scheduled by the probation officer.

(9) The defendant shall submit to polygraph testing, at his own expense, as directed by the probation officer, in order to determine if he is in compliance with the conditions of supervision or to facilitate sex offender treatment.

(10)   The defendant shall submit to a psychosexual assessment at his own expense, as directed by the probation officer.

ENTERED, this <u>23rd</u> day of <u>October</u>, 2023.

APPROVED FOR ENTRY:

_____
Maurice B. Sullivan
Defendant

_____
Nakeisha C. Jackson
Attorney for Defendant

_____
William A. Roach, Jr.
Assistant U.S. Attorney

_____
Joey Walker
U.S. Probation Officer

_____
Honorable Katherine A. Crytzer
United States District Court Judge

5